UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON SIMS, <br><br>   Plaintiff, <br><br>  v. <br><br>JASMIN HERRERA, <br><br>   Defendant. | No. 2:19-cv-08550-VBF-FFM <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. PROCEEDINGS

Plaintiff Carlton Sims ("plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed the complaint herein (the "Complaint") on October 3, 2019. (Docket No. 1.) The Court has reviewed the Complaint under 28 U.S.C. §§ 1915 ("Section 1915") and 1915A("Section 1915A") to determine whether this action is frivolous or malicious; sues an immune defendant; or fails to state a claim on which relief can be granted. The Court dismisses the Complaint with leave to amend.

## II. THE COMPLAINT

A. <u>Allegations</u>.

To the Court's best understanding, plaintiff alleges the following: on an unspecified date, he was wrongfully issued a "115 RVR" for "sexual disorderly

conduct" when his chest area was exposed.  A senior hearing officer wrongfully found him guilty of the charge.  (Docket No. 1, ECF p. 2.)  Plaintiff was placed in administrative segregation ("ad/seg") as punishment.  (*Id.*, ECF p. 4.)  Plaintiff's due process rights were violated.  (*Id.*, ECF p. 2.)

The Honorable Valerie Baker Fairbank erred in denying his February 12, 2019 motion for reconsideration of the judgment in *Carlton Sims v. W.J. Herrera*, et al., 2:19-cv-00236-VBF-FFM ("*Sims One*").  (*See* Docket No. 1, ECF p. 4; *see id.*, ECF pp. 5-7 (March 11, 2019 order denying *Sims One* reconsideration motion).)

B.     <u>Defendants and claims</u>.

Plaintiff names Jasmin Herrera, a correctional officer, as the sole defendant. Plaintiff does not allege how Herrera was involved in the alleged wrongs or why he seeks to hold her liable.  (Docket No. 1, ECF p. 2.)

Plaintiff requests that the Court grant "a motion to appeal" in *Sims One* and/or an extension of time for an unspecified deadline in that action.  (Docket No. 1, ECF p. 4.)  Plaintiff seeks monetary damages for his "false imprisonment" and/or time spent in administrative segregation on the sexual disorderly conduct conviction.  (*Id.*)

### III.  ANALYSIS

A.     <u>Standard of review</u>.

Dismissals for failure to state a claim under Sections 1915 and 1915A use the same standards as those applied to dismissals under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  As to factor (2), "a complaint must contain sufficient factual matter, accepted as true, to

///

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks and brackets omitted)).

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In addition, *pro se* pleadings must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks omitted). Finally, *pro se* litigants in civil rights cases should be given leave to amend their pleadings unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Lopez*, 203 F.3d at 1127-29.

B. Due Process Clause.

The Due Process Clause of the Fourteenth Amendment bars the deprivation of liberty without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 555-56, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). In order to invoke the protection of the Due Process Clause, an inmate must first establish the existence of a liberty interest and then show that it was denied without due process. *Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir.1995). However, prisoners do not have a constitutional right to be free from false accusations of misconduct. Therefore, the falsification of a disciplinary

report, standing alone, does not state a due process claim. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (no constitutional claims based on falsity of disciplinary charges); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) (allegations of a false or fabricated disciplinary charge against an inmate fail to state a claim under Section 1983); *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports). Therefore, to the extent plaintiff alleges that, in itself, the issuance of the false RVR violated his due process rights, he fails to state a claim on which relief can be granted. Although it seems unlikely that plaintiff will be able to cure the deficiencies in this claim, the Court grants plaintiff leave to amend it.

(2) Hearing, ad/seg placement.

(a) Liberty interest.

Read liberally, the Complaint alleges that plaintiff's due process rights were violated by the RVR hearing and conviction, which resulted in plaintiff's placement in ad/seg. Plaintiff's allegations do not state a due process claim. The Constitution itself does not confer on a prisoner a liberty interest in avoiding "more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005). State regulations, however, may create a liberty interest in avoiding more restrictive confinement where the nature of the confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 223 (quoting *Sandin*, 515 U.S. at 484); *see also Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

Whether a "condition or combination of conditions or factors" constitutes an atypical and significant hardship "requires case by case, fact by fact consideration." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court must look to three

"guideposts" in conducting its inquiry: (1) whether the challenged condition "'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,'" and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

As might be deduced from the foregoing factors, "[t]ypically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano*, 345 F.3d at 1078 (citing, *inter alia*, *Sandin*, 515 U.S. at 486). Here, plaintiff alleges no facts bearing on the conditions imposed on him in ad/seg. *Ergo*, the Court cannot conclude that his ad/seg placement constituted an atypical and significant hardship. Plaintiff accordingly fails to show that he had a liberty interest in avoiding ad/seg.

        (b)    <u>Procedural protections</u>.

Prisoners are entitled to certain procedural protections when charged with a disciplinary violation that implicates a liberty interest. *Wolff*, 418 U.S. at 563-72. Such protections include the rights to call witnesses, to present documentary evidence, and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.* at 564-71; *Serrano*, 345 F.3d at 1077-78. In addition, inmates are entitled to a fair and impartial decision-maker, *see Edwards v. Balisok*, 520 U.S. 641, 647, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), and a disciplinary conviction must be supported by "some evidence" in the record, *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

Other than indicating that a hearing took place, the Complaint contains no factual allegations regarding plaintiff's disciplinary conviction. Therefore, even if plaintiff had sufficiently alleged the existence of a liberty interest, his due process claim would fail because he does not allege that he was denied the minimal procedural protections guaranteed by the Due Process Clause.

For the foregoing reasons, plaintiff's due process claim based on his disciplinary conviction and placement in ad/seg is subject to dismissal. As cure by amendment may be possible, the Court grants plaintiff leave to amend this claim.

C. Herrera's liability.

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which" the plaintiff complains. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Here, plaintiff names Herrera as a defendant, but alleges no facts showing she had any involvement in the wrongs of which plaintiff complains. In fact, he alleges no act or omission on her part whatsoever.

Therefore, the Complaint fails to allege any basis for holding Herrera liable for the alleged wrongs. Because it may be possible for plaintiff to allege facts plausibly suggesting Herrera's liability, the Court grants plaintiff leave to amend in this regard.[1]

D. *Sims One*.

Plaintiff brings claims of error in *Sims One* and appears to seek review of the errors and/or an extension of time to appeal. Plaintiff may not obtain either form of relief in this action. Generally, a party may not obtain relief from an order or judgment in a district court action *via* filing a second district court action. Rather, the party must, as appropriate, (1) file a motion for reconsideration in the original district court action; or (2) seek appellate review of the order or judgment in the Court of Appeals. *See* Fed. R. Civ. P. 59 (providing for motion to alter or amend judgment), 60

---

[1] On a related note, the Court finds that the Complaint violates Federal Rule of Civil Procedure 8 because it does not state any person's liability for any of the alleged wrongs. *See* Fed. R. Civ. P. 8(a)(2) (requiring "short and plain statement of the claim showing that the pleader is entitled to relief"). On amendment, plaintiff must (1) clearly state whom he seeks to hold liable for which wrongs; and (2) allege facts plausibly suggesting each defendant's liability. Plaintiff may name additional defendants only to the extent he seeks to hold them liable for his amended claims. Plaintiff may not name additional defendants for the purpose of adding new claims.

6

(providing for motion for relief from final order or judgment); *see also* 28 U.S.C. § 1291 (providing, as relevant, that United States Courts of Appeal "shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); Fed. R. Civ. P. 4 (setting forth procedure for appeal of final district court decisions). Similarly, a request for an extension of the deadline for filing a notice of appeal must be filed in the original district court action. *See* Fed. R. App. P. 4(a)(5).

Therefore, plaintiff's *Sims One* claim must be dismissed for (1) lack of a cognizable theory; and (2) lack of jurisdiction. It is extremely unlikely that plaintiff will be able to cure the deficiencies in this claim. In addition to the foregoing obstacles to relief, the Court doubts that plaintiff will be able to hold any party liable for the alleged wrongs, as judges are entitled to absolutely immunity for acts taken in a judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed .2d 331 (1978); *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), *as amended* (Sept. 6, 2002). Nonetheless, the Court will grant plaintiff leave to amend this claim.

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed. Plaintiff is granted leave to file an amended pleading within **30 days** of the date hereof. The amended pleading must be captioned "First Amended Complaint" and must be complete in itself, without reference to the Complaint. The First Amended Complaint must cure the defects described above and for which the Court has granted plaintiff leave to amend. **Plaintiff shall not add any claims or defendants to the First Amended Complaint that were not included in the Complaint, except for those (if any) for which the Court has granted plaintiff leave to add.**

/ / /

/ / /

/ / /

**The Court informs plaintiff that if he does not, within 30 days, file a First Amended Complaint, the Court may recommend that this action be dismissed without prejudice.**

DATED: April 8, 2020

                                          /s/ FREDERICK F. MUMM
                                          FREDERICK F. MUMM
                                          United States Magistrate Judge